UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT E. MacLAREN,

Plaintiff,

v. 3:24-CV-0922 (GTS/MJK)

CHENANGO COUNTY POLICE,

Defendant.

---

APPEARANCES: OF COUNSEL:

ROBERT E. MacLAREN
Plaintiff, *Pro Se*
3016 State Highway 7
Bainbridge, NY 13733

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Robert E. MacLaren ("Plaintiff") against Chenango County Police ("Defendant") pursuant to 42 U.S.C. § 1983, is United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to Plaintiff filing an Amended Complaint within thirty (30) days from the date of the Court's adoption of the Report-Recommendation. (Dkt. No. 4.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

Plaintiff has not filed an Objection to the Report-Recommendation, despite having requested and been granted an extension of the period of time in which to do so; and that period has expired. (Dkt. Nos. 8, 20.)

When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Here, after carefully reviewing the relevant papers herein, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 4.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (*Id.*) To those reasons, the Court adds the following analysis.

Instead of filing an Objection, or even waiting for the Court's ruling on Magistrate Judge Katz's Report-Recommendation, Plaintiff has filed an Amended Complaint (as supplemented by his jury demand). (Dkt. Nos. 12, 13.) This litigation practice has unnecessarily complicated matters because, assuming Plaintiff had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite that he had not yet served his Complaint,[1] an amended

---

[1] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it ...." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint; thus, he is arguably not yet within the 21-day window in which he may filed an Amended Complaint as a matter of course. *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its

complaint supersedes an original complaint in all respects[2] (meaning that, arguably, Plaintiff's "Amended Complaint" may have at least partially mooted Magistrate Judge Katz's Report-Recommendation, which analyzed Plaintiff's *original* Complaint). In any event, the Court need not balance Plaintiff's right to amend (under the circumstances) against the efficient use of judicial resources under the Federal Magistrates Act of 1968, because the Court is mindful of the Second Circuit's suggestion that it would not be an extension of special solicitude to Plaintiff to consider such an Amended Complaint as his exercise of his absolute right to amend his Complaint once, when he has not yet had the benefit of the undersigned's ruling on Magistrate Judge Katz' the Report-Recommendation.[3]

As a result, the Court will merely *presume* that Plaintiff wishes to proceed in this action based on his currently filed Amended Complaint (especially in light of his letter-motion requesting an update regarding the status of this case), and will give him a reasonable opportunity to rebut that presumption. More specifically, before referring the current Amended Complaint to Magistrate Judge Katz for his initial review, the Court will afford Plaintiff ten (10)

---

pleading once as a matter of course within ... 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[2] *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); cf. N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading ... will supersede the pleading sought to be amended in all respects.").

[3] *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

days from the date of this Decision and Order by which to advise the Court in writing that he does *not* wish to proceed on his current Amended Complaint (as supplemented by his jury demand). If he does so, he shall be given another twenty (20) days in which to file a revised Amended Complaint. If he does not do so, his current Amended Complaint as supplemented by his jury demand shall automatically be referred to Magistrate Judge Katz for his review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff shall have **TEN (10) DAYS** from the date of this Decision and Order by which to notify the Court in writing that he does *not* wish to proceed on his current Amended Complaint as supplemented by his jury demand; if he gives this notice, he shall be given another **TWENTY (20) DAYS** in which to file a revised Amended Complaint; but, if he does *not* give this notice, his current Amended Complaint as supplemented by his jury demand (Dkt. Nos. 12-13) shall be **AUTOMATICALLY REFERRED**, without further Order of this Court, to Magistrate Judge Katz for his initial review; and it is further

**ORDERED** that Plaintiff's letter-motion requesting an update on the status of this case is **GRANTED** to the extent evident from this Decision and Order.

Dated: October 10, 2024
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge