UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT E. MACLAREN,

                                        Plaintiff,

  v.                                                            3:24-CV-922
                                                                      (GTS/MJK)

CHENANGO COUNTY POLICE, et al.,

                                        Defendants.
_____

ROBERT E. MACLAREN, Plaintiff, pro se

MITCHELL J. KATZ, U.S. Magistrate Judge

TO THE HONORABLE GLENN T. SUDDABY, U.S. DISTRICT JUDGE:

**REPORT-RECOMMENDATION and ORDER**

      On July 25, 2024, plaintiff Robert MacLaren commenced this action, pro se, by filing a complaint and a motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). On July 30, 2024, this court issued an Order and Report-Recommendation ("ORR") granting plaintiff's IFP motion and recommending that plaintiff's complaint be dismissed without prejudice to plaintiff filing an amended complaint. (Dkt. No. 4).

      Before the district court had an opportunity to review my ORR, plaintiff filed an amended complaint, along with a motion for permission to file electronically in ECF. (Dkt. Nos. 11, 12). On October 10, 2024, U.S. District Judge Glenn T. Suddaby issued an order adopting this court's ORR in its entirety. (Dkt. No. 15). Judge Suddaby further directed plaintiff to advise whether he wished to proceed on the amended complaint he had already docketed with the court, or if he wished to file a revised amended complaint. (*Id.*). On October 21, 2024, plaintiff advised that he wished to

1

proceed on the amended complaint previously filed with the court. (Dkt. No. 16). Accordingly, the amended complaint has been returned to me for review.

Plaintiff's amended complaint identifies various named defendants to the extent they were involved in separate underlying events, forming the claims alleging violations of his constitutional rights. For the sake of ease, the court will assess each of plaintiff's claims in turn.

## I.     First Claim

Plaintiff's First Claim alleges that he was "falsely arrested" on August 29, 2013 at his residence in Norwich, New York. (Amended Complaint ("AC") at 9) (Dkt. No. 12). Specifically, plaintiff states that defendant Norwich Police Officers Maerz, Rotundo, and Burdick "came onto my property to my car and falsely arrested me and charged me with *menacing with a deadly weapon . . . ,*" a misdemeanor. (*Id.* at 9-10) (emphasis in original). Plaintiff was booked at the Chenango County Jail upon arrest. (*Id.* at 10). Plaintiff alleges that the "case was terminated in favor of the defendant[1] by the judge after hearing the perjury of the complainant and her partner at trial on the witness stand." (*Id.*). Plaintiff states that the defendants "knew the plaintiff was innocent of any criminal charges yet they still fa[ls]ely arrested him." (*Id.*). Plaintiff maintains that the defendants deprived him of his constitutional rights when they "continued th[ei]r investigation of the plaintiff despite the fact that they knew that the

---

[1]The court surmises that this is a typographical error, and that plaintiff means the case was terminated in favor of the *plaintiff*, considering plaintiff's continued reference to his "innocence" and the underlying claim of false arrest.

2

plaintiff was innocent . . . and the results of the investigation were used to criminally charge . . . and prosecute the plaintiff." (*Id.*).

Claims brought under section 1983 generally must be filed within three years of the date a claim accrues.[2] Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Claims of false arrest "accrue against a plaintiff 'when legal process [i]s initiated against him.' " *Sullivan v. City of Glens Falls*, No. 1:22-CV-630 (GTS/ATB), 2022 WL 2390242, at *5 (N.D.N.Y. July 1, 2022) (quoting *Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022)). Legal process is initiated for purposes of accrual when a criminal defendant is arraigned on the charges. *Id.*; *see also Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017).  In contrast to those claims, certain other claims are subject to a "delayed accrual." More specifically, claims which allege malicious prosecution and fabrication of evidence are held to accrue only following a favorable termination. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022) (malicious prosecution); *McDonough v. Smith*, 588 U.S. 109, 114-15 (2019) (fabricated evidence).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the

---

[2] The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

Here, plaintiff complains about events that stemmed from an arrest that occurred in August 2013. (Compl. at 9). The complaint was filed in July 2024, more than ten years after the arrest. On these facts, the court concludes that any false arrest claim raised by plaintiff in his First Claim are untimely.[3] Moreover, although plaintiff does not specifically state when the alleged trial that led to the favorable termination of his criminal matter took place, plaintiff's complaint, as a whole, suggests that such favorable termination occurred well before July 2021, rendering any malicious prosecution claim untimely. Accordingly, plaintiff's First Claim should be dismissed without prejudice to plaintiff amending his complaint to plead equitable tolling. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (concluding that district court should

---

[3] Plaintiff does not state the day that he was arraigned. But many courts in this circuit have, in analogous circumstances, "presume[d] that the date of accrual occurs within several days of the arrest." *Sherman v. Holecek*, No. 3:16-cv-1342, 2018 WL 4119119, at *4 (N.D.N.Y. Aug. 29, 2018) (citing *Walker v. Vill. of Freeport*, No. 15-cv-4646, 2016 WL 4133137, at *11 (E.D.N.Y. June 13, 2016); *Forbes v. City of New York*, No. 15-cv-3458, 2016 WL 6269602, at *3 (S.D.N.Y. Oct. 26, 2016); *Stewart v. City of New York*, No. 06-cv-15490, 2008 WL 1699797, at *6 n.4 (S.D.N.Y. Apr. 9, 2008)).

grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

## II.     Second Claim

In his Second Claim, plaintiff alleges that he was "falsely arrested" by defendants Chenango County Deputy Davy and State Trooper Warren on May 20, 2021 at 10:00 a.m. for the crime of Criminal Mischief in the Fourth Degree. (Compl. at 11). Specifically, plaintiff states that the defendants responded to a 911 call from plaintiff's neighbor, after which they placed him in handcuffs and took him to jail for booking. (*Id.* at 11-12). Plaintiff states that he was "falsely incarcerated" in the county jail for ninety days, "allegedly failing a competency examination" requested by the prosecutor. (*Id.* at 11). He further alleges that the defendants "continued their investigation of the plaintiff despite the fact that they knew that plaintiff was innocent, or w[ere] deliberately indifferent to plaintiff's innocence, and the results of the investigation were used to criminally charge, and prosecute, the plaintiff[.]" (*Id.* at 12). Plaintiff alleges that the town court justice "terminate[d] the case in [plaintiff's] favor and jailed [plaintiff] until [plaintiff] filed a complaint . . . for release." (*Id.* at 11). Plaintiff alleges that his car was stolen "by a drug dealer" from in front of the court building, where an unnamed police chief told him it was "alright" to park. (*Id.*).

As previously set forth, the statute of limitations for plaintiff's false arrest claim would have expired three years after his detention became pursuant to legal process, i.e. his arraignment on the charges. Accordingly, the statute of limitations for plaintiff's false arrest claim likely expired in or around the end of May 2024 – two months prior to

5

the date plaintiff commenced this action by the filing of his complaint. Absent circumstances warranting equitable tolling, this renders plaintiff's false arrest claim stemming from the May 20, 2021 arrest untimely.

Even in the absence of any timeliness issues, plaintiff false arrest claim stemming from the May 20, 2021 arrest should be dismissed. "To establish a claim for false arrest under . . . 1983, a plaintiff must show that 'the defendant intentionally confined him without his consent and without justification.' " *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Where an officer acts with probable cause in arresting a suspect, that probable cause stands as a complete defense to a claim for false arrest.[4] *Weyant*, 101 F.3d at 852; *see also Singer v. Fulton Co. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Probable cause exists if officers have "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has

---

[4] Some courts in this circuit have held that a claim for false arrest does not require a plaintiff to plead a lack of probable cause. *See Hall v. Brown*, 489 F. Supp. 2d 166, 173 (N.D.N.Y. 2007); *accord. McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016). Other courts, however, have dismissed a plaintiff's complaint for failure to state a claim where the plaintiff has failed to allege facts showing that the defendants lacked probable cause to detain the plaintiff. *See Bishop v. Best Buy, Co. Inc.*, No. 08 Civ. 8427, 2010 WL 4159566, at *10 (S.D.N.Y. Oct. 13, 2010), *on reconsideration*, No. 2011 WL 4011449 (S.D.N.Y. Sept. 8, 2011), *aff'*., 518 F. App'x 55 (2d Cir. 2013). On more than one occasion, the Second Circuit has required that a plaintiff affirmatively plead facts giving rise to an inference that police lacked probable cause to place the plaintiff under arrest. *See Coyle v. Coyle*, 153 Fed. App'x 10, 11 (2d Cir. 2005) (dismissing complaint because plaintiff "failed to allege any facts supporting his claim that the police officers who arrested him lacked probable cause."); *Karupaiyan v. New York*, No. 23-1257-CV, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024), *cert. denied,* No. 24-54, 2024 WL 4427192 (U.S. Oct. 7, 2024) (finding that plaintiff failed to plead a false arrest claim under §1983 as he did "not allege any facts showing that the officers lacked probable cause for the arrest[.]").
.

6

been committed by the person to be arrested." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation omitted).

Here, although plaintiff repeats throughout his Second Claim that he was "falsely arrested" and "falsely incarcerated," plaintiff's conclusory allegations do not plausibly allege that he was confined without justification. Plaintiff merely states that the defendants arrested him upon responding to a 911 call from plaintiff's neighbor. He makes no plausible allegation as to how the defendants knew, or were "deliberately indifferent to," plaintiff's innocence. Accordingly, plaintiff fails to plead a false arrest claim under § 1983.

Any claims for malicious prosecution and/or fabrication of evidence associated with plaintiff's Second Claim would have expired three years after plaintiff's criminal matter was "terminated in [his] favor." Considering plaintiff's allegations, it is plausible that the statute of limitations did not expire on any malicious prosecution claims raised in plaintiff's Second Claim. Nevertheless, dismissal is still warranted as plaintiff has failed to plausibly state a cause of action. To state a claim for malicious prosecution under § 1983, a plaintiff must allege: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citation and quotation marks omitted).

As a general rule, "[o]nce a criminal Defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution

7

is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution." *Williams v. City of New York*, No. 02-CV-3693, 2003 WL 22434151, at *6 (S.D.N.Y. Oct. 23, 2003) (citing *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999)). This is because a defendant—even a police officer—"must do more than report the crime or give testimony" in order to have initiated a criminal proceeding for the purposes of a malicious prosecution claim. *Manganiello*, 612 F.3d at 163. "Although there is a presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding, an arresting officer may be held liable for malicious prosecution when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, or when she withholds relevant and material information." *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (quotation marks and citations omitted).

Thus, in order to adequately plead a malicious prosecution claim against a police officer, a plaintiff must allege facts "showing that the officer brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits, or swore to and signed a felony complaint." *Cooper v. City of New York*, No. 17-CV-1517, 2019 WL 3642996, at *7 (E.D.N.Y. Aug. 5, 2019), *aff'd*, No. 22-2792-CV, 2024 WL 1107923 (2d Cir. Mar. 14, 2024) (citing *Myers v. Moore*, 326 F.R.D. 50, 60 (S.D.N.Y. 2018).

Here, plaintiff's conclusory allegations fail to plausibly state a malicious prosecution claim against the named law enforcement defendants. Namely, plaintiff

fails to plausibly allege personal involvement, to the extent he has failed to plead "factual content that allows the court to draw the reasonable inference" that these defendants took any part in his prosecution. *Barber v. Ruzzo*, No. 1:10-CV-1198 (GLS/DRH), 2011 WL 4965343, at *2 (N.D.N.Y. Oct. 19, 2011) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Merely stating that these defendants "continued their investigation of the plaintiff . . . and the results of the investigation were used to criminally charge and prosecute the plaintiff" is insufficient to establish their personal involvement. Moreover, to the extent the named law enforcement defendants were personally involved in plaintiff's criminal prosecution, plaintiff has failed to plausibly allege that the defendant officers lacked probable cause to do so. Accordingly, plaintiff's Second Claim should be dismissed for failure to state a claim.

### III. Third Claim

Plaintiff alleges in his Third Claim that in or around April 2023, he called 911 "against [his] neighbor for . . . trespassing." (Compl. at 12). His neighbor was "[s]pinning his tires in the mud splattering [plaintiff's] car . . . for a week straight." (*Id.*). Plaintiff alleges that defendant 911 dispatcher Shultz "refused to send an officer" to address his complaint, and "instructed" plaintiff to "go to [the neighbor's] property and "tell [the neighbor] to stop." (*Id.*). Plaintiff appears to allege that he proceeded to go to the neighbor's property at the instruction of defendant Shultz, at which time his neighbor called the police. (*Id.*). The responding deputy advised plaintiff that he would not arrest plaintiff because of the dispatcher's instruction to go onto the neighbor's property. (*Id.* at 12-13). However, a second deputy, defendant Weister, "came to

9

[plaintiff's] home a day or two later and arrested [plaintiff] for trespassing[.]" (*Id.* at 13). Plaintiff then, incoherently, identifies defendant Trooper Eaton (*id.*), before stating that plaintiff was "just served a criminal summons for trespass over this matter on [June 17, 2023]" by defendant Trooper Pierson. (*Id.* at 13). Plaintiff states that the criminal case against him was "terminated in favor of the plaintiff. It never l[ed] to a conviction." (*Id.*).

Plaintiff's Third Claim fails to state a claim against the named defendants for false arrest. With respect to Trooper Easton, plaintiff has failed to plead any conduct on behalf of this individual contributing to the purported constitutional claim. *See Wilson v. Cnty. of Ulster*, No. 1:20-CV-00104, 2022 WL 813958, at *7 (N.D.N.Y. Mar. 17, 2022) ("In the context of a claim for false arrest, each individual must have been personally involved in the arrest in order to be held liable."). Nor has plaintiff plausibly alleged any basis on which dispatcher Shultz may be found personally involved in any purported false arrest, even accepting plaintiff's allegations that dispatcher Shultz refused to send a responding officer and told plaintiff to tell the neighbor to stop spinning his tires. Moreover, plaintiff has failed to include any factual allegations regarding why the arrest was not privileged, or how the individual defendants allegedly knew that plaintiff was innocent. Accordingly, any claims sounding in false arrest as to these defendants should be dismissed.

To the extent plaintiff's complaint can be liberally construed to assert a claim for malicious prosecution against these defendants, this too fails. Plaintiff fails to plausibly allege the defendants' personal involvement in the prosecution of his criminal action, in

10

addition to his failure to assert that they lacked probable cause to do so. Accordingly, plaintiff's Third Claim should be dismissed for failure to state a claim.

## IV. Fourth Claim

Plaintiff's Fourth Claim asserts that he was "falsely arrested" by defendant Green Police Chief Hitt on July 2, 1999. (Compl. at 14-15). For the reasons previously set forth concerning the statute of limitations for a § 1983 claim, any cause of action stemming from plaintiff's 1999 arrest, as set forth in plaintiff's Fourth Claim, would appear to be untimely as filed over twenty years after his arrest.

## V. Fifth Claim

In his Fifth Claim, plaintiff asserts that on August 17, 2021, he was "falsely arrested" by defendant Trooper Mazariego and charged with Harassment in the Second Degree. (Compl. at 15). Plaintiff alleges that Trooper Mazariego was responding to a 911 call. (*Id.*). Plaintiff claims that this criminal case was terminated in favor of the plaintiff. (*Id.*).

Plaintiff's allegations in his Fifth Claim are substantially similar to the conclusory allegations set forth in his Third Claim. These conclusory allegations do not satisfy the pleading requirements for a false arrest and/or malicious prosecution claim. Plaintiff provides no facts regarding why the arrest was not privileged, what particular evidence was "fabricated," or how the individual defendants allegedly knew, or should have known, that plaintiff was innocent. Accordingly, the court recommends dismissing plaintiff's Fifth Claim for failure to state a claim.

### VI. Sixth Claim

In his Sixth Claim, plaintiff alleges purported constitutional violations against defendant Norwich Police Officer Romaine arising from his arrest on December 3, 2011. (Compl. at 16-17). For the reasons previously set forth concerning the statute of limitations for a § 1983 claim, any cause of action stemming from plaintiff's 2011 arrest, as set forth in plaintiff's Sixth Claim, would appear to be untimely as filed over twelve years after his arrest.

### VII. Seventh Claim

In his Seventh Claim, plaintiff appears to allege the violations of various constitutional rights as against defendant Norwich Police Officer Sheehan and Parole Officer Houghtaling arising from his arrest on December 10, 2014. (Compl. at 18-20). For the reasons previously set forth concerning the statute of limitations for a § 1983 claim, any cause of action stemming from plaintiff's 2014 arrest, as set forth in plaintiff's Seventh Claim, would appear to be untimely as filed ten years after his arrest.

### VIII. Chenango County Defendant

Plaintiff appears to assert a *Monell* cause of action against defendant Chenango County, although it is entirely unclear to which alleged constitutional deprivations plaintiff attributes the county defendants' failures. (*See* Compl. at 17-18). Pursuant to the standard for establishing municipality liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under Section 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy,

or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. 658); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer."). A municipality may be liable for deprivation of constitutional rights under Section 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). A plaintiff must also establish a causal connection–an affirmative link–between the policy and the deprivation of his constitutional rights. *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).

Here, plaintiff alleges, in conclusory fashion, that an unnamed defendant deputy "acted pursuant to a policy or custom" of the county defendant, without identifying said policy. (Compl. at 17). Plaintiff otherwise states that the county defendant "failed to adopt clear policies and failed to properly train its deputies." (*Id.*). Courts in this Circuit have regularly found that such conclusory allegations fail to allege a *Monell* claim. *See Goss v. City of New London*, No. 3:20-CV-01507, 2022 WL 375462, at *3 (D. Conn. Feb. 8, 2022) (when a complaint contains only "conclusory statements about there being inadequate training and oversight, it fails to meet the requirements of *Monell*"); *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 32 (2d Cir. 2019) (affirming dismissal of *Monell* claims where plaintiff failed to provide factual

13

allegations to support his conclusory assertions); *Simms v. The City of New York*, No. 10-CV-3420, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011) (conclusory assertion that the police department "had actual or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers" was insufficient to state a *Monell* claim). Accordingly, plaintiff's claim against Chenango County should be dismissed for failure to state a claim.

## IX. Federal Tort Claims Act

To the extent plaintiff asserts any claim arising from the Federal Tort Claims Act ("FTCA") (*see* Compl. at 7), the court recommends dismissal. FTCA claims "cannot be asserted against government employees concerning conduct within the scope of their employment." *Levinson v. United States Fed. Bureau of Prisons*, 594 F. Supp. 3d 559, 568 (S.D.N.Y. 2022). This is because government employees are not proper defendants under the FTCA. *See, e.g.*, *Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). Rather, the United States of America is the "only proper federal defendant in an FTCA suit." *Charles v. Potter*, No. 07 Civ. 10572, 2008 WL 4499130, at *2 (S.D.N.Y. Oct. 7, 2008). Here, even assuming the complaint alleged the requisite elements of a claim contemplated to be brought under the FTCA, plaintiff has not filed suit against the United States or any federal agency against whom such claims may be brought. Moreover, plaintiff has not alleged that he filed a claim with the appropriate federal agency within two years of the date the claim accrued. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless

action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"); *id.* § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing"). Accordingly, any claims purported to be brought pursuant to the FTCA should be dismissed.

X.     **Opportunity to Amend**

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to replead at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to replead is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

15

Plaintiff's claims brought pursuant to the FTCA should be dismissed with prejudice. The circumstances as alleged by plaintiff cannot be construed under any light to give rise to such a claim.

The court recognizes that plaintiff has previously been afforded an opportunity to amend his complaint in order to plausibly assert a cause of action. However, the court did not recommend dismissal of plaintiff's original complaint based on its untimeliness – but for his failure to comply with the pleading requirements of F.R.C.P. 8 and the court's inability to ascertain any cognizable claim for relief. Accordingly, plaintiff has not been provided notice and an opportunity to respond to the court's recommendation that his complaint be sua sponte dismissed due to the expiration of the statute of limitations. Because plaintiff is entitled to an opportunity to be heard as to those claims, this court is recommending they be dismissed without prejudice. Furthermore, the claims raised in plaintiff's amended complaint were, arguably, not raised by plaintiff in his original complaint. Thus, out of an abundance of caution, and in deference to plaintiff's *pro se* status and the Second Circuit's decision in *Mitchell v. Annucci*, No. 21-2978, 2023 WL 8073106, at *4 (2d Cir. Nov. 21, 2023),[5] the court recommends the remainder of the amended complaint be dismissed without prejudice.

---

[5] In *Mitchell*, the Second Circuit found that, with respect to plaintiff's claims that were "asserted for the first time in [plaintiff's] amended complaint," the district court should have, "at the very least . . . afforded [plaintiff] at least one opportunity to amend these newly asserted claims before entering a sua sponte dismissal with prejudice." 2023 WL 8073106, at *4 (citations omitted).

16

XI. **Motion to File Electronically in CM/ECF**

The court has reviewed plaintiff's request for permission to electronically file documents via CM/ECF. (Dkt. No. 11). Because plaintiff has filed a certification as directed showing that he is in compliance with the court's requirements, permission is granted for plaintiff to participate in electronic case filing. The Court may revoke these electronic filing privileges if it determines in its sole discretion that plaintiff's use of the system is not satisfactory. Specifically, plaintiff's motion is granted under the following conditions: (1) plaintiff may conduct CM/ECF filings only in this case; (2) plaintiff may not permit anyone else to utilize his PACER account; (3) plaintiff must comply with all N.D.N.Y. Local Rules, all Federal Rules, all General Orders of the N.D.N.Y., and all Court Orders, directives, and practices; and (4) plaintiff must comply with all directives issued by the Clerk of Court in connection with any filing on CM/ECF.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's FTCA claims be **DISMISSED WITH PREJUDICE,** and it is

**RECOMMENDED,** that plaintiff's amended complaint (Dkt. No. 12) otherwise be **DISMISSED WITHOUT PREJUDICE**, and it is

**ORDERED**, that plaintiff's motion to file electronically in CM/ECF (Dkt. No. 11) be **GRANTED**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 8, 2024

Mitchell J. Katz
U.S. Magistrate Judge