UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT E. MacLAREN,

                              Plaintiff,

                                                                         3:24-CV-0922

v.                                                                    (GTS/MJK)

NORWICH POLICE OFFICER MAERZ, *et al.*,[1]

                              Defendants.
_____

APPEARANCES:

ROBERT E. MacLAREN
  Plaintiff, *Pro Se*
3016 State Highway 7
Bainbridge, New York 13733

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Robert E. MacLaren ("Plaintiff") against numerous individuals ("Defendants"), are (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that certain claims in Plaintiff's Amended Complaint be dismissed with prejudice and that the remaining claims be dismissed without prejudice; and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 17, 21.)

      Even when construed with the utmost of special leniency, Plaintiff's Objections contain

---

[1] The Clerk of Court is directed to update the docket sheet in this action to reflect that Plaintiff's Amended Complaint lists Defendants other than Chenango County Police. (*Compare* Dkt. No. 12 *with* Dkt. No. 1.)

no specific challenge[2] to any portion of the Report-Recommendation. (*Compare* Dkt. No. 21 *with* Dkt. No. 17.) Rather, those Objections contain 96 pages of immaterial allegations, irrelevant argument, and general challenges. (*See generally* Dkt. No. 21.) After carefully reviewing the relevant papers herein, the Court can find no clear error[3] in the Report-Recommendation: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id*.) To those reasons, the Court adds three points.

First, even if the Court were to liberally construe Plaintiff's Objections as containing a specific challenge to any portion of the Report-Recommendation, the Court would find no error[4]

---

[2] To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[4] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

in that portion for the reasons stated in the Report-Recommendation. (Dkt. No. 17.)

Second, the Court construes the Report-Recommendation as recommending the dismissal of Plaintiff's *Monell* claim with prejudice. Although the end of the Report-Recommendation recommends the dismissal without prejudice of Plaintiff's claims "other[]" than his FTCA claim (presumably meaning, among other claims, his *Monell* claim), the ground for that dismissal is the lack of prior notice of the untimeliness defect that plagues Plaintiff's false-arrest and malicious-prosecution claims; untimeliness is not among the defects identified as plaguing his *Monell* claim. (Dkt. No. 17, at 12-14, 16-17.) Furthermore, the case cited in support of the without-prejudice recommendation – *Mitchell v. Annucci*[5] – regards only "newly asserted" claims, and Plaintiff's *Monell* claim is newly asserted; rather, it was previously asserted (and criticized). (*Id.* at 16; Dkt. No. 1, at 1, 7, 10; Dkt. No. 4, at 5-6.) Finally, the defect in Plaintiff's original *Monell* claim (failure to allege facts plausibly suggesting a "policy or custom") continues to plague his amended *Monell* claim. (*Compare* Dkt. No. 4, at 5-6 *with* Dkt. No. 17, at 12-14.) For all of these reasons, Plaintiff's *Monell* claim is dismissed with prejudice.

Third, it also appears at least somewhat questionable whether Plaintiff's false-arrest claims and malicious-prosecution claims are, in fact, "newly asserted" (sufficient to invoke the without-prejudice rule set forth in *Mitchell*): Plaintiff's original Complaint also expressly asserted claims of "false arrest" and "malicious prosecution" (albeit generally). (Dkt. No. 1, at 3; Dkt. No.

---

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

    [5]    *See Mitchell v. Annucci*, No. 21-2978-pr, 2023 WL 8073106, at *4 (2d Cir. Nov. 21, 2023) ("At the very least, because of Mitchell's *pro se* status, the District Court should have afforded Mitchell at least one opportunity to amend these newly asserted claims before entering a *sua sponte* dismissal with prejudice.").

4, at 3-4.) More important, the pleading defect in three of his amended claims of "false arrest" and "malicious prosecution" (specifically, his "second claim," "third claim," and "fifth claim") is not a new one of which he lacked prior notice (like untimeliness), but the same one that plagued his original claims of "false arrest" and "malicious prosecution": the failure to allege facts plausibly suggesting those claims. (Dkt. No. 4, at 3-4; Dkt. No. 17, at 6-11.) This pleading defect serves as a ground for dismissal independent of untimeliness.[6] Indeed, it appears arguable that the defects in Plaintiff's "second claim," "third claim" and "fifth claim" may be so numerous as to be substantive, especially in light of Plaintiff's failure to correct them (despite filing a 21-page Amended Complaint with 46 pages of attachments). (Dkt. No. 12; Dkt. No. 12, Attach. 1; Dkt. No. 17, at 5-11.) *See, e.g., Valk v. Hubbard*, 24-CV-0003, 2024 WL 4799460, at *3 (N.D.N.Y. Sept. 15, 2024) (Sannes, C.J.) (finding *Mitchell v. Annucci* to be inapplicable because the "the problems with the claims are substantive flaws that would not benefit from repleading") (internal quotation marks omitted). However, both the spirit of *Mitchell* and the prudence of Magistrate Judge Katz' recommended approach are well-taken: the Court accepts his

---

[6] The Court notes that, even if these defects in Plaintiff's "second claim," "third claim," and "fifth claim" may fairly be characterized as "newly asserted," the Court is cautious of construing *Mitchell*, which appears limited to "newly asserted *claims*," as requiring district courts to expressly identify every conceivable pleading defect in the elements of a *pro se* plaintiff's claim (when conducting its *sua sponte* review of that claim) before dismissing an amendment of that claim for failure to state a claim on that ground. Such a point of law does not appear to have been clearly set forth in the sole decision relied on by *Mitchell*: *Abbas v. Dixon. See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007) ("Providing a plaintiff with notice and an opportunity to be heard is often necessary to establish the fairness and reliability of a dismissal. . . . Unless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition. . . . Indeed, failure to afford an opportunity to oppose a contemplated *sua sponte* dismissal may be, by itself, grounds for reversal.") (internal quotation marks and citations omitted).

recommendation of dismissal of these claims without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** as modified above; and it is further

**ORDERED** that the FTCA claims and *Monell* claims asserted in Plaintiff's Amended Complaint (Dkt. No. 12) are *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the remaining claims in Plaintiff's Amended Complaint (Dkt. No. 12) **shall be DISMISSED** with prejudice and without further Order of the Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a **SECOND AMENDED COMPLAINT** that cures the pleading defects in those claims identified by Magistrate Judge Katz and that otherwise states a claim upon which relief can be granted; and it is further

**ORDERED** that any such Amended Complaint shall be a complete pleading that does not incorporate by reference any prior pleading; and it is further

**ORDERED** that, should Plaintiff file a timely Second Amended Complaint, it shall automatically be referred to Magistrate Judge Katz for his review.

Dated: May 2, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

5