UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT E. MacLAREN,

                      Plaintiff,

v.                                                3:24-CV-0922
                                                (GTS/MJK)

CHENANGO COUNTY POLICE,

                      Defendant.
_____

APPEARANCES:

ROBERT E. MACLAREN
  Plaintiff, *Pro Se*
3016 State Highway 7
Bainbridge, New York 13733

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Robert E. MacLaren ("Plaintiff") against the Chenango County Police ("Defendant"), are (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's Second Amended Complaint be dismissed with prejudice and without leave to amend, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 28, 29.)

      Even if Plaintiff's Objections could be liberally construed as containing specific challenges[1] to various portions of the Report-Recommendation, the Court finds, after carefully

---

[1] To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and

reviewing the relevant papers herein, no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-Recommendation: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id*.) To those reasons, the Court adds only one point.

Although the Report-Recommendation recommends on page "15" that Plaintiff's Third Claim (to the extent it asserts a claim of false arrest) be dismissed "without prejudice and with leave to amend," the Report-Recommendation also recommends on pages "18," "19" and "20" that Plaintiff's Third Claim (in its entirety) be dismissed "with prejudice and without leave to amend." (Dkt. No. 28, at 15, 18-20.) The Court construes this latter recommendation to be the intended one by the Report-Recommendation (and the former recommendation to be a

---

recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

typographical error).[4]  In any event, the Court finds the latter recommendation to be the correct one under the circumstances.  *See Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) (dismissing with prejudice the plaintiffs' second amended complaint, because "[t]hree bites at the apple [are] enough").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 28) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 23) is **DISMISSED with prejudice** and **without prior leave to amend**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated:  July 25, 2025
         Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[4]  The Court expresses no criticism of Magistrate Judge Katz for this typographical error, particularly given the prolix and rambling nature of Plaintiff's *pro se* Second Amended Complaint (and the complexity of issues presented by it).  Indeed, the undersigned's own prior Decision and Order contained an analogous typographical error during a point of complex analysis of Plaintiff's *pro se* Amended Complaint.  (Dkt. No. 22, at 3 [Decision and Order filed May 2, 2025, stating that "Plaintiff's *Monell* claim is newly asserted," when it clearly intended to state that "Plaintiff's *Monell* claim is *not* newly asserted"].)